# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALBERTO GARCIA | § | |
| | § | |
| V. | § | A-09-CA-742-JN |
| | § | (A-00-CR-182(1)-JN) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed on October 8, 2009 (Clerk's Docket No. 38). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND AND ANALYSIS

This Court lacks jurisdiction to address the merits of Movant's § 2255 motion because he has not received prior authorization from the Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2244, 2255; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Movant filed a previous § 2255 motion with the District Court on December 20, 2001 (Clerk's Docket No. 25), which was denied on January 14, 2003 (Clerk's Docket No. 36). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive § 2255 motion requires certification by the court of appeals prior to filing. 28 U.S.C. §§ 2244, 2255. Movant has failed to obtain permission from the Fifth Circuit to file a successive § 2255 motion.

## II. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DISMISS** Movant's § 2255 Motion for lack of jurisdiction. The undersigned **FURTHER RECOMMENDS** that the District Judge bar Alberto Garcia from filing any pleadings, motions or suits in a federal district court which assert claims which must be brought under 28 U.S.C. § 2255 until he has received permission from the Fifth Circuit Court of Appeals to file such claims in a successive § 2255 motion.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE